| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS<br>BEAUMONT DIVISION |

| | | |
|---|---|---|
| JACOB SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>GEORGE DEUTSCH d/b/a DEL MAR ELECTRONICS,<br><br>*Defendant(s)*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. _____ |

## PLAINTIFF JACOB SMITH'S ORIGINAL COMPLAINT

Plaintiff Jacob Smith (referred to as "Smith") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former electronics technicians of Defendant George Deutsch d/b/a Del Mar Electronics (referred to as "Del Mar Electronics") who were paid on a day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Smith's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Del Mar Electronics violated the FLSA by employing Smith and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Del Mar Electronics willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Smith brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former electronics technicians of Del Mar Electronics who were paid on a day-rate basis without overtime during the past three years.

## II.  Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because Del Mar Electronics resides in this district and division and a substantial part of the events or omissions giving rise to Smith's claim occurred in this district and division. 28 U.S.C. § 1391(b)(1), (2).

## III.  Parties

9. Jacob Smith is an individual who resides in Orange County, Texas and who was employed by Del Mar Electronics during the last three years.

10. George Deutsch d/b/a Del Mar Electronics is an individual owner of an unincorporated business and may be served with process at:

George Deutsch
1323 Port Neches Ave.
Port Neches, Texas 77651

Alternatively, George Deutsch may be served with process pursuant to the Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or in connected with the business he transacts in this state.

11. An allegation that Del Mar Electronics committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Def or was done in the normal course and scope of employment of Def's officers, directors, vice-principals, agents, servants or employees.

IV.  Facts

12. Del Mar Electronics is a provides electronic installation services on vessels.

13. Del Mar Electronics does business in the territorial jurisdiction of this Court.

14. Del Mar Electronics employed Smith from October 2018 to January 2021.

15. Del Mar Electronics employed Smith as an electronics technician.

16. As an electronics technician, Smith was responsible for the installation and repair of electronics on vessels that were always either dry docked or docked.

17. During Smith's employment with Del Mar Electronics, he was engaged in commerce or in the productions of goods for commerce.

18. During Smith's employment with Del Mar Electronics, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Smith's employment with Del Mar Electronics, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Smith's employment with Del Mar Electronics, the company had an annual gross volume of sales made or business done of at least $500,000.

21. Del Mar Electronics paid Smith on a day-rate basis.

22. Del Mar Electronics paid Smith on a bi-weekly basis by direct deposit.

23. During Smith's employment with Del Mar Electronics, he regularly worked in excess of forty hours per week.

24. Del Mar Electronics knew or should have known that Smith worked in excess of forty hours per week.

25. Del Mar Electronics did not pay Smith for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, Del Mar Electronics paid Smith on a day-rate basis without overtime.

27. Smith was not exempt from the maximum hour requirements of the FLSA.

28. As an electronics technician, Smith's primary duties were nonexempt.

29. As an electronics technician, Smith's primary duties did not include office or nonmanual work.

30. As an electronics technician, Smith's primary duties were not directly related to the management or general business operations of Del Mar Electronics or its customers.

31. As an electronics technician, Smith's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32. As an electronics technician, Smith did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33. As an electronics technician, Smith was, instead, required to follow Del Mar Electronics' policies, practices and procedures.

34. As an electronics technician, Smith did not have any independent authority to deviate from Del Mar Electronics' policies, practices and procedures.

35. Del Mar Electronics knew or should have known that Smith was not exempt from the maximum hour requirements of the FLSA.

36. Del Mar Electronics willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37. During Smith's employment with Del Mar Electronics, the company did not maintain accurate time and pay records for Smith as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38. During Smith's employment with Del Mar Electronics, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39. Del Mar Electronics continued the pay practice(s) complained of by Smith without investigation after being put on notice that the pay practice(s) violated the FLSA.

40. Del Mar Electronics has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

41. Prior to this lawsuit, Del Mar Electronics conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Smith.

42. Because Del Mar Electronics willfully violated the FLSA, the company is liable to Smith for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

43. As a result of the FLSA violation(s) described above, Del Mar Electronics is liable to Smith for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44. All electronics technicians paid on a day-rate basis employed by Del Mar Electronics during the last three years are similarly situated to Smith because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Del Mar Electronics under 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

45. Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. During Smith's employment with Del Mar Electronics, he was a nonexempt employee.

47. As a nonexempt employee, Del Mar Electronics was legally obligated to pay Smith "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

48. Del Mar Electronics did not pay Smith "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

49. Instead, Del Mar Electronics paid Smith on a day-rate basis without overtime.

50. If Del Mar Electronics classified Smith as exempt from the maximum hour requirements of the FLSA, was misclassified.

51. As a result of the FLSA violation(s) described above, Del Mar Electronics is liable to Smith for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52. Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. Del Mar Electronics willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54. Del Mar Electronics failed to maintain accurate time and pay records.

55. Because Del Mar Electronics willfully violated the FLSA, the company is liable to Smith for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

56. Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

57. On information and belief, other employees of Del Mar Electronics have been victimized by the FLSA violation(s) described above.

58. These employees are similarly situated to Smith because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

59. Del Mar Electronics' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

60. Since Smith's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

61. For these reasons, Smith requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All electronic technicians employed by Del Mar Electronics during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

62. Del Mar Electronics is liable to Smith and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

63. Smith has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

64. Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

65. Smith is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

66. Smith is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

67. Smith has retained the professional services of the undersigned attorneys.

68. Smith has complied with the conditions precedent to recovering attorney's fees and costs.

69. Smith has incurred or may incur attorney's fees and costs in bringing this lawsuit.

70. The attorney's fees and costs incurred or that may be incurred by Smith were or are reasonable and necessary.

71. Del Mar Electronics is liable to Smith and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

72. Smith demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Smith for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against Del Mar Electronics in Smith's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against Del Mar Electronics in Smith's favor both individually and on behalf of the putative class members.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 675
        Houston, Texas 77002-1063
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        By: /s/ Melissa Moore
        Melissa Moore
        State Bar No. 24013189
        melissa@mooreandassociates.net
        Curt Hesse
        State Bar No. 24065414
        curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net